# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 3075 | **DATE** | July 30, 2004 |
| **CASE TITLE** | *Barr v. Washington Mutual* | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] CCB's motion to dismiss [14-1] is granted and TransUnion's motion to dismiss [14-1] is denied. Count I is dismissed without prejudice to the filing of an amended complaint withing 20 days of the date of this order, consistent with this order and counsel's Rule 11 obligations. Counts II and III shall stand. Enter Memorandum and Order. The clerk is also directed to enter a Rule 58 judgment and to terminate this case.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | AUG 02 2004 | |
| ✓ | Notices mailed by judge's staff. | | date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | 13 |
| ✓ | Mail AO 450 form. | | | |
| ✓ | Copy to judge/magistrate judge. | | | |
| RTS/c | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice / mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GEORGE R. BARR,
    Plaintiff,	)
	)
	)
v.	)	04 C 3075
	)
WASHINGTON MUTUAL BANK, EMC	)
MORTGAGE, MICKELSON LOCHER	)
and OSCAR CORONA,	)
    Defendants.	)

DOCKETED
AUG 2 2004

## MEMORANDUM AND ORDER

Plaintiff George Barr filed a pro se complaint in the Circuit Court of Cook County naming Washington Mutual Bank, EMC Mortgage, Michelson Locher, and Oscar Corona as defendants. The action was removed to this court because the complaint sought damages under the Truth in Lending Act, 15 U.S.C. § 1601, *et seq*. Washington Mutual's motion to dismiss based on the statute of limitations is presently before the court. For the following reasons, the motion is granted. The court also, sua sponte, has considered whether the plaintiff can state a claim against any of the defendants based on a liberal reading of the complaint's factual allegations. The court concludes that he cannot do so and thus dismisses the entire complaint as to all the defendants.

I.    **Background**

The court has construed Mr. Barr's complaint liberally because he is proceeding pro se. It also found the statement of facts in Washington Mutual's motion very helpful in shedding light on the allegations in the complaint. Basically, in 1999, Mr. Barr and his wife entered into a mortgage secured by property in Chicago. Mr. Barr alleges that he and his wife never signed the

mortgage.[1] In 2001, Washington Mutual filed a state court foreclosure action against the Barrs.[2] Several months later, the state court judge entered a judgment of foreclosure against the Barrs.

In March of 2004, Mr. Barr filed the state court complaint that was removed to this court. He alleges that Washington Mutual failed to comply with TILA by failing to provide various disclosures and failing to provide him with a copy of the loan agreement. It appears that Mr. Barr is also bringing TILA claims against the other defendants, as the complaint lists a litany of alleged TILA violations but does not direct them against any specific defendants. In fact, the court cannot ascertain what role the other defendants played in connection with Mr. Barr's mortgage. But it is clear that the complaint attempts to state a claim under TILA, so the court will turn to whether it is possible for him to state a TILA claim against any of the defendants given the allegations in the complaint.

To finish summing up the pertinent facts, the court takes judicial notice of the fact that the Barrs filed a motion in state court in April of 2004. That motion sought to dismiss the foreclosure action. The state court judge struck this motion as untimely in light of the June 2001 default order and subsequently confirmed the sale of the property.

---

[1] The record shows, however, that the mortgage was fully executed, as Washington Mutual has attached a copy of the mortgage to its motion to dismiss. This document is properly before the court in connection with a Rule 12(b)(6) motion to dismiss, despite the fact that Mr. Barr did not attach it to his complaint, because Mr. Barr referenced the mortgage repeatedly in his complaint and it is central to his claim. *See Venture Associates Corp. v. Zenith Data Systems Corp.*, 987 F.2d 429, 431 (7th Cir. 1993). The court mentions this fact in the interests of completeness, as the signing of the mortgage and the identity of the people who in fact signed it are irrelevant to the disposition of the motion to dismiss.

[2] The court takes judicial notice of all of the orders filed in the state court foreclosure proceeding.

## II. Discussion

### A. Standard on 12(b)(6) Motion to Dismiss

In ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court must assume the truth of all facts alleged in the complaint, construing the allegations liberally and viewing them in the light most favorable to the plaintiff. *See, e.g., McMath v. City of Gary*, 976 F.2d 1026, 1031 (7th Cir. 1992); *Gillman v. Burlington N. R.R. Co.*, 878 F.2d 1020, 1022 (7th Cir. 1989). Dismissal is properly granted only if it is clear that no set of facts which the plaintiff could prove consistent with the pleadings would entitle the plaintiff to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

The court will accept all well-pled factual allegations in the complaint as true. *Miree v. DeKalb County*, 433 U.S. 25, 27 n.2 (1977). In addition, the court will construe the complaint liberally and will view the allegations in the light most favorable to the non-moving party. *Craigs, Inc. v. General Electric Capital Corp.*, 12 F.3d 686, 688 (7th Cir. 1993). However, the court is neither bound by the plaintiff's legal characterization of the facts, nor required to ignore facts set forth in the complaint that undermine the plaintiff's claims. *Scott v. O'Grady*, 975 F.2d 366, 368 (7th Cir. 1992).

### B. TILA

It is well established that TILA actions must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). Because Mr. Barr's request for relief under TILA was filed well outside this limitations period, all of his TILA claims are clearly barred. *See id.* This is so even if the court accepts Mr. Barr's allegation that he never received a signed copy of the loan agreement as required by 15 U.S.C. § 1635(a), which gives him three days to rescind the mortgage.

According to Mr. Barr, if he never received the documents, the three day period never began so he can rescind the mortgage and not be bound by it despite the passage of time. Unfortunately for Mr. Barr, however, the right to rescind expires three years after the date of consummation of the transaction even if the lender fails to make required disclosures. 15 U.S.C. § 1635(f). A transaction is consummated when the consumer becomes contractually obligated in a credit transaction. 12 C.F.R. § 226.2(a)(13). This occurred in 1999 when the Barrs executed the mortgage. Thus, even if Washington Mutual failed to provide copies of the loan agreement, the three year statute of limitations ran long before Mr. Barr filed his TILA complaint.

### C. *Rooker-Feldman*

Mr. Barr also asks the court to declare that he is entitled to the title for the foreclosed property and generally contends that he is entitled to possession of the property. This exact subject, however, has already been litigated in state court. The United States Supreme Court is the only federal court empowered to exercise appellate review over state court decisions. See 28 U.S.C. § 1257; *Garry v. Geils*, 82 F.3d 1362, 1365 (7th Cir.1996). This principle led to what is commonly known as the *Rooker-Feldman* doctrine. Under this doctrine, federal district courts may not exercise jurisdiction in an appellate capacity over the state court judicial process. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Dist. Of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

To determine whether the *Rooker-Feldman* doctrine bars a plaintiff's federal suit, this court must ask whether the injury alleged by the plaintiff resulted from the state court judgment itself or is distinct from that judgment. *See Garry v. Geils*, 82 F.3d 1362, 1365 (7th Cir.1996); *see also Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 555 (7th Cir.1999) (court must ask whether the plaintiffs seek to set aside a state court judgment or to present an independent

-4-

claim). If the injury alleged in the federal complaint was caused by the state court judgment, then the federal court lacks subject matter jurisdiction. *See GASH Assoc. v. Village of Rosemont*, 995 F.2d 726, 728-29 (7th Cir.1993).

Here, Mr. Barr's real injury is the loss of his property due to the state court foreclosure judgment. Mr. Barr ultimately wishes to secure a declaration that he is the owner of the property that was the subject of the state court forfeiture proceeding. See Complaint at 6. He is, therefore, not asking the court to remedy an injury that is separate from the state court judgment. Rather, he is asking this court to act in an appellate capacity to reverse the state court judgment. This type of relief is clearly barred by the *Rooker-Feldman* doctrine. *See, e.g., GASH Assocs. v. Village of Rosemont*, 995 F.2d at 729 (the *Rooker-Feldman* doctrine applied because "GASH did not suffer an injury out of court and then fail to get relief from state court; its injury came from the [state court] judgment confirming the sale [of property]"). This court thus cannot exercise subject matter jurisdiction over Mr. Barr's claims relating to the ownership of the property secured by the mortgage.

### III. Conclusion

For the above reasons, Mr. Barr's TILA claims are all time-barred and his remaining claims regarding ownership of the property secured by the mortgage are barred by the *Rooker-Feldman* doctrine. Washington Mutual's motion to dismiss the claims against it [5-1] is thus granted. In addition, because the TILA and *Rooker-Feldman* rulings in this opinion apply equally to all the defendants, the remaining claims in the complaint as to the other defendants are also dismissed.

DATE: 7-30-04

Blanche M. Manning
United States District Judge

04cv3075.md